## PROOF REQUIRED AS TO RELEASE OF EQUITY.

Circuit Court of Cuyahoga County.

HENRY LANCKEN v. WILLIAM G. PLATT.

Decided, June 3, 1912.

*Trustee—Release to, by Cestui—Evidence Must be Clear and Convincing.*

When one holds property as trustee for another and claims that such other has released his equity therein upon sufficient consideration, the evidence of such release must be clear and convincing.

*Dissette, Dissette, Dissette & Reynolds,* for plaintiff.
*C. F. Taplin* and *White, Johnson & Cannon,* contra.

NIMAN, J.; MARVIN, J., concurs; WINCH, J., not sitting.

In March, 1903, the original plaintiff, Henry Lancken, was the owner of a tract of land located in Brooklyn township, Cuyahoga county, Ohio, consisting of about twenty-five acres. He was also the owner of another parcel of real estate on Franklin avenue, in the city of Cleveland. The twenty-five acre tract was incumbered by a mortgage to John C. and Louisa M. Pflug, to secure the payment of $3,500. The Franklin avenue property was covered by mortgages aggregating $4,250. A Mrs. Humphries owned property on Birch street in the city of Cleveland, · About this time contracts were entered into between Lancken and Mrs. Humphries and Lancken and the Pflugs, whereby Lancken was to reduce the incumbrance on the Franklin avenue property to $1,250 and convey the same, subject to such incumbrance, to the Pflugs in satisfaction of their mortgage against the twenty-five acre tract and in satisfaction of certain other claims held by them against Lancken, while the farm, or twenty-five acre tract, with a mortgage for $3,500 to be placed against it, was to be exchanged by Lancken for the Birch street property of Mrs. Humphries subject to a mortgage of $3,500.

To facilitate this deal and apparently to enable a loan to be negotiated, Henry Lancken conveyed the twenty-five acre parcel

to the defendant, William G. Platt, having first executed a mortgage against it to Florence H. Easterman, an employee of the defendant, to secure a note for $3,450. At the same time the Franklin avenue property was conveyed to the Pflugs. The trade with Mrs. Humphries was never consummated.

The deed to the twenty-five acre tract was placed on record and the title to this property is still in the defendant, who claims to be the absolute owner thereof.

This action was brought by Lancken to have said twenty-five acre tract decreed to be his property and to secure a reconveyance thereof to himself. An accounting of the rents and profits of the land and the money secured by mortgage thereon, and the cancellation of the Easterman mortgage are also sought.

After the suit was begun J. C. Logue, trustee in bankruptcy for Henry Lancken, was substituted as plaintiff, and the action is now prosecuted by him.

It is conceded that the defendant took title to the property in controversy as the agent or trustee of Lancken for the special purpose of negotiating the Easterman note and mortgage, and effecting the exchange of properties with Mrs. Humphries, and discharging the mortgage of the Pflugs. The Humphries deal was never carried out, and the defendant continues to hold the title to the property.

It is the defendant's claim that about June 1, 1903, having been unable to negotiate the mortgage on the farm property, he made an agreement with Lancken whereby Lancken and his wife, in consideration of the surrender of a certain cognovit note for $367.50 and the cancellation of certain other items of indebtedness, executed a release in writing of all their equity in said property. The decision of this case rests upon the determination of the question whether such a release was in fact executed. The evidence on this subject is clouded with uncertainty. The release itself is not produced. The defendant and Miss Easterman testify that such a release was executed, but that in some way it has been lost. Its contents are testified to in general terms, but rather according to what is supposed to be the legal effect of the document than to its language.

Lancken and his wife both deny absolutely that such a release was ever executed.

The burden of proving that the release was executed as claimed rests upon the defendant. The property having been held by him in trust, he must establish by proof of the required degree, the act on the part of the *cestui que* trust, relied upon as as a relinquishment of his estate. This proof should be clear and convincing.

The defendant, in our opinion, has not sustained the burden of establishing his claim that Lancken and his wife released their interests in the property in controversy.

The fact that Lancken did not list among his assets in the bankruptcy proceedings the interest in his property, afterward asserted by him, and the fact that he neglected to start this action until more than four years after the land was deeded to the defendant, are urged as showing that he did not consider that he had any interest therein.

Lancken explains his course in this respect by testifying that he was advised by the attorney that represented him in the bankruptcy proceedings that he could not list this property as an asset, and that he supposed that the bankruptcy proceedings had put an end to his interest in said property, until he was requested to execute a quit-claim deed to another parcel of land adjoining that involved in this action.

Whatever may have been Lancken's conduct with reference to this property, it does not supply the proof lacking to establish the defendant's claim of absolute ownership of the twenty-five acre tract of land.

According to this view of the case it follows, of course, that the defendant must account to the plaintiff, the trustee in bankruptcy, for the rents and profits of the farm and the other moneys received by him as the agent of Henry Lancken. He should be charged with the rents actually received, and with such other sums as came into his hands in the course of his agency, and credited with his disbursements.

The defendant can not, however, be allowed anything on account of the cognovit note for $367.50 which is claimed to have

furnished part of the consideration for the execution of the alleged release. That note was surrendered to Lancken as paid, and since we find under the evidence that no such release has been shown to have been executed, it necessarily results that this note must have been paid in some other manner, probably by the transaction relating to the Quincy avenue property, one of the matters dealt with by the evidence.

According to the figures in evidence, such an accounting shows a balance of $2.39 due the plaintiff.

On the subject of compensation it is urged on behalf of the defendant, that in case it should be held that he has not so established the release in dispute as to be entitled to retain the property, he should be adequately compensated for his services in connection therewith.

On the plaintiff's part it is contended that the defendant being in the position of trustee, and having denied the trust, is not entitled to compensation.

The defendant undoubtedly performed services of considerable value in preserving this property from sale under foreclosure proceedings. At the time the property was deeded to him it was incumbered to practically its full value. While there is no evidence before us as to its present value, it may fairly be assumed from the efforts put forth on both sides of this action to obtain the property, that it has so increased in value that a considerable equity in it now exists.

The services rendered by the defendant dealt, also, with other property and other liens than are involved here, and a considerable part of said services were rendered before any dispute as to the ownership of the land arose.

Under all the circumstances of the case considering the doubt and uncertainty with which many features of this case are surrounded, and considering also the undoubted benefit which has resulted from the defendant's services, we allow him as compensation the sum of $325, which will be made a charge against said premises subject to the valid and existing liens thereon.

The notes of Henry Lancken and Mary Lancken to the Pflugs, and the mortgage securing the same, should be canceled and

surrendered by the defendant, as should also the note and mortgage to F. M. Easterman for $3,450.

A decree for the plaintiff will be entered, and a journal entry may be prepared in accordance with the findings herein indicated.

---

### RIGHTS OF A PENSIONED FIREMAN.

Circuit Court of Cuyahoga County.

NIMAN, J.; MARVIN, J., concurs; WINCH, J., not sitting.